1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JASON WILLIAM HINDMAN,

Defendant.

CASE NO. 3:23-cr-05062-DGE

ORDER DENYING MOTION TO
DISMISS INDICTMENT (DKT. NO.
73) AND MOTION TO
WITHDRAW PLEA OF GUILTY
(DKT. NO. 74)

11

12

13

14

15

16     Before the Court are Defendant Jason Hindman's Motion to Dismiss the Indictment (Dkt.

17   No. 73) and Motion to Withdraw Plea of Guilty (Dkt. No. 74).  After Defendant's guilty plea but

18   before sentencing, the Ninth Circuit issued an opinion in *United States v. Duarte*, No. 22-50048,

19   2024 WL 2068016, at *3 (9th Cir. May 9, 2024).  The *Duarte* panel found 18 U.S.C. § 922(g)(1)

20   unconstitutional under the Supreme Court's recent precedent *New York State Rifle & Pistol Ass'n*

21   *v. Bruen*, 597 U.S. 1 (2022), which outlines the current test for determining whether gun

22   regulations violate the Second Amendment.

23

24

ORDER DENYING MOTION TO DISMISS INDICTMENT (DKT. NO. 73) AND MOTION TO WITHDRAW
PLEA OF GUILTY (DKT. NO. 74) - 1

1    Before *Bruen*, in the Ninth Circuit, § 922(g)(1) was considered constitutional as outlined

2    by *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010).  Nine months ago, Hindman filed a

3    motion to dismiss his indictment on these grounds—that § 922(g)(1) was unconstitutional under

4    *Bruen.*  (Dkt. No. 33).  This Court considered the motion and denied it, joining "at least 20 courts

5    in this circuit in finding *Vongxay* is not clearly irreconcilable with *Bruen* and is therefore still

6    binding."  (Dkt. No. 53 at 6.)

7    The *Duarte* panel found *Vongxay* was abrogated by *Bruen.*  *Duarte*, 2024 WL 2068016 at

8    *2 ("*Vongxay* is clearly irreconcilable with Bruen and therefore no longer controls because

9    *Vongxay* held that § 922(g)(1) comported with the Second Amendment without applying the

10   mode of analysis that *Bruen* later established and now requires courts to perform.")  As this

11   Court's analysis of Hindman's original motion to dismiss was explicitly rejected by the *Duarte*

12   panel, Hindman requests to withdraw his guilty plea and dismiss the indictment on grounds that

13   § 922(g)(1) is now unconstitutional.

14   In the Ninth Circuit:

15       [n]o opinion of this circuit becomes final until the mandate issues, and the opinion
         issued by the prior majority was only part way through its finalization process.
16       Until the mandate has issued, opinions can be, and regularly are, amended or
         withdrawn, by the merits panel at the request of the parties pursuant to a petition
17       for panel rehearing, in response to an internal memorandum from another member
         of the court who believes that some part of the published opinion is in error, or *sua*
18       *sponte* by the panel itself.

19   *Carver v. Lehman*, 558 F.3d 869, 878–879 (9th Cir. 2009).  *United States v. Ruiz*, 935 F.2d 1033

20   (9th Cir.1991) clarifies that "no expectation of finality can attach during the period in which either

21   party may petition for rehearing." *Id.* at 1037 (quoting *United States v. Foumai*, 910 F.2d 617, 620

22   (9th Cir.1990)).  "Thus, until the mandate issues, an opinion is not fixed as 'settled Ninth Circuit

23

24

ORDER DENYING MOTION TO DISMISS INDICTMENT (DKT. NO. 73) AND MOTION TO WITHDRAW
PLEA OF GUILTY (DKT. NO. 74) - 2

1    law,' and reliance on the opinion is a 'gamble.'" *Carver*,  558 F.3d at 878 n.16 (quoting *Ruiz*, 935

2    F.2d at 1037).

3        As of the date of this Order, no mandate in *Duarte* has issued.  The United States

4    has filed a petition for rehearing *en banc* and the panel has instructed Defendant-Appellant

5    Steven Duarte to file a response to that petition by May 30, 2024.  *United States v. Steven*

6    *Duarte*, No. 22-50048, Dkt. Nos. 72, 73.

7        Hindman's motions are thus premature and **DISMISSED** without prejudice.  The

8    Court held a status hearing on May 23, 2024 to discuss these issues and this ruling.  If or

9    when a mandate issues, Defendant may re-file the motions.  If no mandate issues and the

10   matter is scheduled to be heard *en banc*, the United States indicated it expects to file a

11   motion to schedule this case for sentencing.  The Court scheduled another status hearing

12   on August 2, 2024 at 1:30 PM in Courtroom B.

13       **IT IS SO ORDERED.**

14       DATED this 24th day of May 2024.

15

16

17

18                                                    David G. Estudillo
                                                      United States District Judge

19

20

21

22

23

24

ORDER DENYING MOTION TO DISMISS INDICTMENT (DKT. NO. 73) AND MOTION TO WITHDRAW
PLEA OF GUILTY (DKT. NO. 74) - 3