UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>JASON WILLIAM HINDMAN,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cr-05062-DGE<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

**I       INTRODUCTION**

This matter is before the Court on Defendant's motion to Withdraw Plea of Guilty and Dismiss Indictment. (Dkt. No. 95.) Defendant is charged with one count each of felon in possession of firearm and ammunition under 18 U.S.C. § 922(g)(1). He has a prior conviction under § 922(g)(1) from another case in 2010. Defendant has attacked the indictment on two principal grounds: that predicate offenses that gave rise to his 2010 conviction are no longer valid, and that this § 922(g)(1) charge violates the Second Amendment as applied to him. In this Order, the Court will briefly recount the unique procedural history of this case, including the

ORDER DENYING MOTION TO DISMISS INDICTMENT - 1

predicate offenses and relevant Second Amendment litigation. As to the Second Amendment argument, the Court finds that Defendant's argument is foreclosed by Ninth Circuit precedent. As to the predicate offenses, the Court expresses serious concern about the Government's case, but finds that there is no legal basis for this Court to dismiss the indictment, so the Court DENIES the motion to dismiss. The Court will defer ruling on the Motion to Withdraw Plea to allow Defendant to evaluate his options in light of this ruling. While leave to withdraw a plea is freely given, doing so and facing trial may only serve to delay Defendant's appeal.

## II    BACKGROUND

Defendant has been indicted on one count of Unlawful Possession of a Firearm and one count Unlawful Possession of Ammunition, under 18 U.S.C. § 922(g)(1). (Dkt. No. 13.) That section makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to be in possession of a firearm or ammunition. Defendant's prior conviction is itself another conviction for felon in possession under 18 U.S.C. § 922(g)(1) in this District, from 2010, *United States v. Hindman*, No. 3:10-cr-05269-RSM-1 (W.D. Wash.) ("2010 case" or "Case #1"). (Dkt. No. 95 at 6.) The predicate offenses in that case were "a 2008 conviction for attempting to elude a police vehicle, a 2005 conviction for unlawful possession of a controlled substance, and a 1999 conviction for second degree theft." (*Id.*) However, the Government acknowledges that under Ninth Circuit decisions issued long after judgment was entered in the 2010 Case, United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019) and *United States v. McAdory*, 935 F3d 838 (9th Cir. 2019), those Washington state predicate offenses no longer qualify as "crime[s] punishable by imprisonment for a term exceeding one year," and thus could not form the basis for Defendant's 2010 conviction were the case decided today. (*See* Dkt. No. 36 at 5 n. 1.) Thus, the indictment in this

case only makes reference to the 2010 Case, but not the underlying offenses. (Dkt. No. 13 at 1–2.) Defendant previously entered a plea of guilty in this case, which the Court accepted. (Dkt. No. 63.) He now seeks to withdraw that plea and dismiss the indictment. (Dkt. No. 95.)

### A. Second Amendment Arguments

Throughout this case, Defendant has argued that the § 922(g)(1) charge as applied to him is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22 (2022). Before the plea, Defendant moved to dismiss the indictment on those grounds. (*See* Dkt. No. 33.) This Court denied the motion to dismiss, holding that *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), which upheld § 922(g)(1), remained good law after *Bruen*. (Dkt. No. 53.) After the plea was entered, a panel of the Ninth Circuit held that *Vonxgay* was no longer valid after *Bruen* and that § 922(g)(1) was unconstitutional as applied to non-violent felons. *United States v. Duarte*, 101 F.4th 657, 661 (9th Cir. 2024). Defendant renewed his motion to dismiss and moved to withdraw his plea. (Dkt. Nos. 73, 74.) This Court denied those motions without prejudice, noting that the mandate from *Duarte* had not issued and a petition for rehearing *en banc* was pending. (Dkt. No. 80.) Since that time, the Ninth Circuit did take the case *en banc* and reversed the panel opinion, holding that "§ 922(g)(1) is not unconstitutional as applied to non-violent felons like Duarte." *United States v. Duarte*, 137 F.4th 743, 749 (9th Cir. 2025). Defendant maintains that his Second Amendment argument is still viable even after the *Duarte en banc* decision, based on an individualized assessment of his own conduct, and speculating that *Duarte* could be reversed by the Supreme Court. (Dkt. No. 97 at 1–2.)

### B. Attack On the 2010 Case

Defendant has also sought to vacate his 2010 conviction. Defendant is not detained, so he cannot challenge his prior conviction in habeas, but he moved for a writ of *coram nobis* in the

ORDER DENYING MOTION TO DISMISS INDICTMENT - 3

2010 Case. (Dkt. No. 95-1.) He entered a declaration from his previous attorney, a federal defender, in which that attorney states that they did not know that *coram nobis* was an option Defendant could use to attack the 2010 conviction, and thus gave incorrect advice to the Defendant that he should plead guilty in this case. (Dkt. No. 95-2.) However, another Judge of this District (Martinez, J.) denied the writ of *coram nobis*, finding that his challenge was not timely, with 5 years having elapsed between the Ninth Circuit's 2019 decisions and his motion, and 2 years having elapsed since he obtained legal representation. (Dkt. No. 95-5 at 3–4.) The Government had conceded that the petition satisfied two of the relevant factors ("a more usual remedy is not available" and "adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III"), so Judge Martinez's decision only reached the issue of timeliness. (*See id.* at 1–2.)

### III    DISCUSSION

**A.  § 922(g)(1) Is Not Unconstitutional as Applied to Defendant After *Duarte*.**

Defendant's Second Amendment argument is squarely foreclosed by *Duarte*. In that case, the Ninth Circuit extensively surveyed the historical record, as required by *Bruen*, including the history of categorical exclusions of groups of individuals thought to be "dangerous." 137 F.4th at 756–761. While Defendant requests a more individualized assessment of his circumstance, *Duarte* did not take an individualized approach. Rather, the court stated, "[w]e agree with the Fourth and Eighth Circuits that either historical tradition is sufficient to uphold the application of § 922(g)(1) to *all felons*." *Id.* at 761 (emphasis added); *see also United States v. Jackson*, 110 F.4th 1120, 1127–1128 (8th Cir. 2024), *cert. denied,* No. 24-6517, 2025 WL 1426707 (U.S. May 19, 2025); *United States v. Hunt*, 123 F.4th 697, 706 (4th Cir. 2024), *cert. denied,* No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025). Moreover,

Defendant does not explain why consideration of his individual circumstance would lead to a different result than *Duarte*—other than that the state offenses are no longer predicates under § 922(g)(1). (*See* Dkt. No. 97 at 2–3.) Rather, the Court observes that there is similarity between the nature of the offenses in Defendant's criminal history and that of Duarte (though Duarte's past offenses were more recent); Duarte's record included convictions under California law for: vandalism (in 2013), felon in possession of a firearm (2016), possession of a controlled substance (2016), and evading a peace officer (twice, in 2016 and 2019). 137 F.4th at 748. Regardless, Defendant does not have a viable Second Amendment argument at this stage.

**B.   There is No Recourse for the 2010 Conviction in this Court.**

Defendant's motion acknowledges that "any effort by Hindman to collaterally attack his conviction in Case #1 and/or challenge its applicability to the charges in Case #2 rests with Judge Martinez," but still "invite[s] this Court to address the matter and maintain[s] that this Court should remain the ultimate arbiter of whether Mr. Hindman is a prohibited person for purposes of Case #2 by virtue of his prior convictions." (Dkt. No. 95 at 9.) As Defendant indicates, this Court cannot countermand Judge Martinez's decision to deny his petition for *coram nobis*, only the Ninth Circuit (or Judge Martinez on reconsideration) can reverse that determination.

Defendant is correct that this Court must determine that he does meet the elements of a § 922(g)(1) offense to enter a conviction under that section, namely that he has a prior qualifying conviction. At this time, that decision is a foregone conclusion, because the 2010 conviction has not been vacated. Defendant's arguments suggest a fundamental unfairness in convicting him of being a felon in possession now on the basis of a prior felon in possession conviction that could no longer be entered, which sound in Due Process. But the Supreme Court has held that even a clearly invalid prior conviction (one obtained in violation of *Gideon v. Wainwright*) may serve as

a predicate for a felon in possession charge because, "[t]he statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon . . . ." *Lewis v. United States*, 445 U.S. 55, 60–61 (1980). The statute does not violate Due Process, under rational basis, because "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, *before* obtaining a firearm." *Id.* at 65–67 (emphasis added). This Court cannot disregard the 2010 conviction unless it is vacated.

Nonetheless, the Court does have serious concerns about this case. The Government's prosecution is built on a house of cards: a felon in possession charge based only on a prior felon in possession charge that itself is based on currently-invalid predicates. Defendant is stuck in this legal paradigm, from which he has been unable to extricate himself. But the only recourse is for Defendant to attack his 2010 conviction in a direct appeal of the denial of *coram nobis*, and this Court cannot provide that relief.

**C. Motion to Withdraw Plea**

In light of the above analysis, the Court defers ruling on the Motion to Withdraw Defendant's Plea until Defendant has had the opportunity to review this Order and the Parties have an opportunity to confer. Because the Court has already accepted Defendant's plea but has not imposed a sentence, his request falls under Federal Rule of Criminal Procedure 11(d)(2)(B), which requires him to "show a fair and just reason for requesting the withdrawal." The Ninth Circuit has commented that under this standard, "[t]he withdrawal of a plea of guilty should be freely granted." *United States v. Navarro-Flores*, 628 F.2d 1178, 1183 (9th Cir. 1980). This standard is "applied liberally" and is satisfied in cases of "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the*

*plea that did not exist when the defendant entered his plea."* United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir. 2004) (emphasis in original)).  Here, Defendant entered a declaration from his prior defense counsel, stating that they did not understand that *coram nobis* existed as a pathway to attack the 2010 conviction, and because of that, provided inaccurate advice to Defendant to plead guilty, "based on my erroneous belief that he had no defense to the charges." (Dkt. No. 95-2 at 3.)

Considering the leniency of the "fair and just" standard, the merits issues discussed above, the erroneous legal advice given at the time the plea was entered, and Defendant's stated intention to appeal the denial of *coram nobis* and any denial from this Court of his motions together (Dkt. No. 95 at 2 n.1), the Court is inclined to hold that a "fair and just reason" exists to withdraw the plea if Defendant wishes to exercise his trial rights, but will allow Defendant the opportunity to speak with his counsel further to discuss whether this is the appropriate course of action as a withdrawal of the plea, arguably, will only delay Defendant's ability to pursue his appeal of this Court's and Judge Martinez's decisions.

## IV    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Indictment (Dkt. No. 95) is DENIED.  As to Defendant's request to withdraw his guilty plea, the Parties shall appear at a status hearing on September 3, 2025, at 10:30.  At the hearing, Defendant can inform the Court if he wishes to continue with withdrawing his guilty plea or whether he prefers to proceed with scheduling sentencing.

Dated this 11 day of August, 2025.

David G. Estudillo
United States District Judge